■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. FARMER, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: The cocaine seized from defendant by the police must be suppressed. The People did not dispute that the telephonic search warrant was invalid because it was not read verbatim to the Judge *(see,* CPL 690.40 [3]; *People v Crandall,* 108 AD2d 413, *affd* 69 NY2d 459, *rearg denied* 70 NY2d 748). The search and seizure cannot be justified as incident to a lawful arrest *(see, People v Riddick,* 51 NY2d 764, as cited in *People v Harris,* 72 NY2d 614, 624, *revd on other grounds* 495 US 14).

The police entered defendant's residence without permission and, with guns drawn, chased defendant through the residence and arrested him on the back porch. Because the arrest of defendant on his back porch was a direct result of the illegal entry of his residence, the arrest was illegal. (Appeal from Judgment of Steuben County Court, Purple, Jr., J.— Criminal Possession Controlled Substance, 7th Degree.) Present—Callahan, J. P., Boomer, Lawton, Davis and Doerr, JJ.